The STATE of Texas, Appellant,

v.

$50,600.00, Appellee.

David T. GARCIA & Richard C. Terrell, Appellants.

v.

The STATE of Texas, Appellee.

No. 04–89–00194–CV.

Court of Appeals of Texas, San Antonio.

Oct. 3, 1990.

David T. Garcia, County Atty., Falfurrias, Richard C. Terrell, Dist. Atty., Alice, Joseph A. Connors, III, McAllen, for appellant.

Timothy Patton, Pasqual & Pozza, San Antonio, J.R. "Bobby" Flores, McAllen, for appellee.

Before REEVES, BIERY and CARR, JJ.

## ON APPELLANTS' MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC

CARR, Justice.

The appellants' motion for rehearing is denied. Appellants' motion for rehearing en banc is denied. The opinion of June 20, 1990, is withdrawn and the following opinion is substituted therefor.

This is an appeal in a Texas Controlled Substances Act forfeiture case which presents us with a statutory construction question of first impression.

### FACTS OF CASE

On November 2, 1988, the State of Texas, by and through Juan Molina, an officer of the Brooks County Sheriff's Department, filed an original notice of seizure and intention to forfeit $50,600.00. The State's petition alleged that during the course of a search of the person of Velma Alvarez, officers from the Brooks County Sheriff's Department discovered $50,600.00 in United States currency. Alleging that the seized currency had been derived from or had been used to facilitate the sale, manufacture, or distribution of controlled substances, the State prayed for the court to enter an order forfeiting the $50,600.00 to the Brooks County Sheriff's Department. In response to the forfeiture petition, Velma Alvarez filed a waiver of citation and entered an appearance.

On December 16, 1988, the State of Texas and Velma Alvarez entered into an "Agreed Judgment of Forfeiture," wherein the parties agreed, and the trial court ordered, that Velma Alvarez would be returned $25,300.00 of the seized currency plus interest, if any, and the remaining sum of $25,300.00 and interest, if any, "be and is hereby forfeited to the BROOKS COUNTY SHERIFF'S DEPARTMENT to be used pursuant to Article 4476–15 Section 5.08(f) V.A.C.S." The agreed judgment was signed by the Honorable Wells Stewart, then Presiding Judge of the 79th District Court, Brooks County, Texas.

On January 12, 1989, newly elected Presiding Judge of the 79th Judicial District, Brooks County, Texas, the Honorable Terry A. Canales, rendered judgment vacating the December 16, 1988, agreed judgment signed by Judge Stewart. In his January 12, 1989, judgment, Judge Canales reaffirmed the portion of the agreed judgment awarding $25,300.00 to Velma Alvarez; ordered the remaining $25,300.00 to be *forfeited to Brooks County*, Texas; and further ordered any person or agency presently in possession or control of the $25,300.00 to deliver such funds within thirty days of the judgment to "the County Treasurer of Brooks County, Texas, to be deposited in an account established for that purpose and to be expended by the Commissioners Court of Brooks County, Texas, in accordance with the law."

On February 10, 1989, in response to Judge Canales's judgment, Juan Molina, a Brooks County Deputy Sheriff, filed a mo-

tion to vacate the January 12, 1989, order and motion to reinstate the prior order of December 16, 1988. That motion recited that it was being filed, "in the name and for the State of Texas ... [and] by and through the Brooks County Attorney, David T. Garcia, and the District Attorney for the 79th Judicial District, Richard C. Terrell." The motion alleged that Judge Canales had erred in forfeiting the seized money to Brooks County rather than to the Brooks County Sheriff's Department.

Thereafter, the trial court entered an order setting a hearing on the motion to vacate and motion to reinstate the prior order; finding that the county attorney and district attorney for Brooks County, having undertaken to represent the interests of the Brooks County Sheriff's Department, were disqualified from representing the interests of Brooks County; finding that it was in the best interests of Brooks County to be represented by legal counsel in response to the motion filed by the county and district attorneys on behalf of the Sheriff's Department; and appointing counsel for Brooks County.

On February 27, 1989, the trial court conducted a hearing on the motion to vacate and motion to reinstate prior orders filed in the instant case. After hearing the arguments of counsel and listening to testimony, the trial court overruled the motions to vacate and reinstate the prior order.

The trial court filed findings of fact and conclusions of law. The following conclusions of law set forth the basis for the trial court's judgment vacating the order forfeiting the seized money to the Sheriff's Department and forfeiting that money to Brooks County:

1) Forfeitures under the TEXAS CONTROLLED SUBSTANCES ACT must be to:

a. the STATE OF TEXAS;

b. an agency of the STATE OF TEXAS; or,

c. a political subdivision of the state authorized by law to employ peace officers. [Section 5.07(d)].

2) BROOKS COUNTY is a political subdivision of the state authorized by law to employ peace officers.

3) The SHERIFF'S OFFICE because it cannot exist apart from the county, is not a political subdivision of the state.

4) The SHERIFF'S OFFICE is a subdivision of BROOKS COUNTY.

5) The legislature employed the phrase "POLITICAL SUBDIVISION OF THE STATE" when describing entities such as counties and/or cities.

6) The legislature employed the phrase "LAW ENFORCEMENT AGENCY" when describing departments such as a sheriff's office and/or police department.

7) Section 5.082(a) of the CONTROLLED SUBSTANCES ACT controls the disposition of money "pending final judgment" in an action for forfeiture under the act. It provides as follows:

a. If money is seized by a *law enforcement agency* (emphasis added) in connection with a violation of this Act, the state or the political subdivision of the state that employs the law enforcement agency may deposit the money in an interest-bearing bank account ...

8) Section 5.08(f) of the CONTROLLED SUBSTANCES ACT controls the "final" disposition of forfeited money.

9) After final judgment, forfeited money is to be deposited in a special fund to be administered by the office to which it is forfeited, i.e. the state, an agency of the state or a political subdivision of the state authorized by law to employ peace officers.

10) When the STATE OF TEXAS or an agency thereof is not the party seeking forfeiture, money must be forfeited to a "political subdivision of the state."

## ISSUES PRESENTED

This appeal presents us with two issues: (1) the legal authority of the trial court to set aside the judgment of December 16,

1988, and enter a new judgment on January 12, 1989, and (2) whether property seized by a county sheriff's department and subject to forfeiture under the Texas Controlled Substances Act is to be forfeited under such act to the county as a political subdivision of the State and deposited by the county treasurer into a special fund to be administered by the sheriff subject to supervision by the county auditor and commissioners court budget process *or* forfeited to the sheriff's department and deposited in a special fund administered solely at the sheriff's department's discretion without any outside supervision from any source. We affirm, as reformed, the January 12, 1989, judgment of the trial court.

Appellants' first two points of error contend that the trial court was without legal authority to vacate the December 16, 1988, judgment and enter a new, modified January 12, 1989, judgment because (1) the first judgment of December 16, 1988, was an agreed judgment and as such is a contract by the parties to the judgment, which cannot be set aside or modified by the trial court without the agreement of the parties, even if done so within the plenary powers of the trial court, and (2) the new judgment of January 12, 1989, is without support of pleadings or evidence to declare that the property subject to forfeiture was "unclaimed or abandoned" property.

## I.

Regarding appellants' first point, we disagree. A trial court has plenary power to reverse, modify, or vacate the judgment at any time before it becomes final. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978). A trial court has plenary power to vacate its judgment within thirty days after the judgment is signed. TEX.R. CIV.P. 329b(d). During these thirty days, the judgment is not final and the trial court can vacate it on its own motion according to the justice of the case. *Dickson & Assoc. v. Brady*, 530 S.W.2d 886, 887 (Tex. Civ.App.—Houston [1st Dist.] 1975, no writ).

In this case, the record reflects that on January 12, 1989, the trial court, on its own motion, vacated the judgment rendered on December 16, 1988. The trial court's action was taken well within the thirty-day period of plenary jurisdiction; therefore, the order of January 12, 1989, vacating the prior judgment and entering a new judgment, represents a valid exercise of the trial court's plenary power. *See Mathes*, 569 S.W.2d at 878; TEX.R.CIV.P. 329b(d).

Appellants' reliance on *McEntire v. McEntire*, 706 S.W.2d 347 (Tex.App.—San Antonio 1986, writ dism'd) is misplaced because *McEntire* is distinguishable on its facts as it is an "agreed decree of divorce" case involving an agreed "division of community property" and "[execution] of all instruments necessary to effect this decree" between two private parties. Appellants' "agreed judgment" argument and reliance on *McEntire* is inconsistent with the role courts play in our society as protectors of the public interest. A court is not bound by an agreement which contravenes a statute. Courts are bound to look to what the law requires, not to what the parties agree. Under such circumstances, as when the public interest is involved, a court can exercise its plenary power to vacate its judgment regardless of the fact that it is an agreed judgment. *See United States v. Swift & Co.*, 286 U.S. 106, 114–15, 52 S.Ct. 460, 462–63, 76 L.Ed. 999 (1932); *People ex rel Fahner v. Colorado City Lot Owners & Taxpayers Ass'n*, 106 Ill.2d 1, 86 Ill.Dec. 908, 911, 476 N.E.2d 409, 412 (1985).

Appellants' first point of error is overruled.

## II.

We agree with appellants' second point that the trial court was without pleadings or evidence to enter its new judgment of January 16, 1989, declaring that the forfeited money "constitutes and the same is HEREBY ORDERED, ADJUDGED AND DECREED unclaimed or abandoned

property." *See Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979); *Harry Hines Medical Center, Ltd. v. Wilson,* 656 S.W.2d 598, 602 (Tex.App.—Dallas 1983, no writ); TEX.R.CIV.P. 301. In addition, from our review of the Texas Controlled Substances Act,[1] we find nothing in the act that requires the trial court to declare seized property "unclaimed or abandoned" as a prerequisite to forfeiture under the statute of such "seized" property.

We therefore reform the judgment by striking this quoted portion of the judgment of January 12, 1989. *See Dawson v. Garcia,* 666 S.W.2d 254, 264 (Tex.App.—Dallas 1984, no writ); *Wenk v. City Nat'l Bank,* 613 S.W.2d 345, 353 (Tex.Civ.App.—Tyler 1981, no writ); TEX.R.APP.P. 80(b)(2).

■ Appellants contend, in their third point of error, that the trial court erred in forfeiting the seized property to Brooks County because under the language of the Texas Controlled Substances Act such forfeited property is to be administered by the Brooks County Sheriff's Department as the seizing agency or office to which it is forfeited. We disagree and hold that the trial court correctly construed the Texas Controlled Substances Act by ordering the seized property forfeited to Brooks County and by vacating that portion of the prior judgment forfeiting the funds to the Brooks County Sheriff's Department.

■ When interpreting or construing a statute, courts have an obligation to attempt diligently to ascertain legislative intent. *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 921 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); TEX.GOV'T CODE ANN.

§ 312.005 (Vernon 1988). This obligation is especially important when the interests or rights of the public are at stake. As the supreme court stated in *National Surety Corp. v. Ladd,* 131 Tex. 295, 115 S.W.2d 600, 603 (1938):

> [I]t is proper to consider the results and consequences of any proposed construction, and the court will, if possible, place upon the statute a construction which will not result in injustice, oppression, hardship, or inconvenience, unreasonableness, *prejudice to public interest,* or absurd consequences.

(Emphasis added.)

■ In determining legislative intent, the courts are to consider the enactment as a whole and not isolated portions thereof. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). Courts must enforce legislative intent even though it is not altogether consistent with the strict wording of the statute. *State v. Terrell,* 588 S.W.2d 784, 786 (Tex.1979). Furthermore, every provision of a statute should be construed with every other portion to produce a harmonious whole; and one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such construction if standing alone. *Black v. American Bankers Ins. Co.,* 478 S.W.2d 434, 437 (Tex. 1972).

## TEXAS CONTROLLED SUBSTANCES ACT

■ The controlling statute in this case is a former version of the Texas Controlled Substances Act no longer in effect.[2] Two sections of the act are at issue in this

---

1. See footnote #2 for cite and explanation of statutory history of the Texas Controlled Substances Act.

2. Subsequent to the filing of this appeal, the Texas Controlled Substances Act was codified as part of the Health and Safety Code, effective Sept. 1, 1989. *See* Health and Safety Code, ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2901. The codification brought about no changes in the forfeiture provisions of the Controlled Substances Act at issue in this appeal. *See id.*

However, each of these codified provisions was repealed, effective Oct. 18, 1989. *See* Act of Aug. 2, 1989, 1st C.S., ch. 12, § 6, 1989 Tex.Gen. Laws 14, 21. New statutes dealing with the same subject matter, which are substantively different from the repealed Controlled Substances Act provisions, were enacted as articles 59.02, 59.05, 59.06, and 59.08 of the Code of Criminal Procedure, also effective Oct. 18, 1989. *See id.* at 14. Despite the fact that these codified provisions were repealed, they represent

appeal. Section 5.07(d) reads in pertinent part:

> If it is found that the property is subject to forfeiture, then the judge shall upon motion forfeit the property to the state or an agency of the state *or to a political subdivision of the state authorized by law to employ peace officers.*

(Emphasis added.) Act of June 17, 1983, ch. 425, § 22, 1983 Tex.Gen.Laws 2361, 2404, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. (This section will hereinafter be referred to as "section 5.07(d).") Section 5.08(f) reads:

> *All money,* securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, *personal property* and other things of value, and the proceeds from the sale of an item described in this subsection *that are forfeited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers shall be deposited in a special fund to be administered by the seizing agencies or office to which they are forfeited.* Except as otherwise provided by this subsection, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state. The director of an agency of the state may use not more than 10 percent of the amount credited to the fund for the prevention of drug abuse and for treatment of persons with drug-related problems. The director of an agency or office of a political subdivision that has received funds under this section shall comply with the request of

the governing body of the political subdivision to deposit not more than 10 percent of the amount credited to the fund into the treasury of the subdivision. The governing body of the subdivision shall use the funds received for the prevention of drug abuse and for treatment of persons with drug-related problems. Nothing in this subsection shall be construed to decrease the total salaries, expenses, and allowances which an agency or office is receiving from other sources at or from the time this subsection takes effect.

(Emphasis added.) Act of June 3, 1985, ch. 227, § 14, 1985 Tex.Gen.Laws 1102, 1124, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. (This section is hereinafter referred to as "section 5.08(f).")

Generally, section 5.07 [3] of the act governs the forfeiture hearing, and subsections 5.07(a) and 5.07(d) designate those governmental entities to which the trial court is authorized to order property forfeited. Under section 5.07(d), once the trial court has found that the property is subject to forfeiture, it *"shall* upon motion *forfeit* the property to the State or an agency of the State *or to a political subdivision of the State authorized by law to employ peace officers."* (Emphasis added.) In other words, under section 5.07(d), there are only three governmental entities to which the trial court may forfeit property: (1) the State of Texas; (2) an agency of the State of Texas; and (3) a political subdivision of the State authorized by law to employ peace officers. Moreover, the forfeiture provisions of section 5.07(d) are mandatory, not discretionary. *See State v. One 1977 Oldsmobile,* 700 S.W.2d 33, 35

the law applicable to the case before us. *See* TEX.GOV'T CODE ANN. § 311.031(a) (Vernon 1988).

**3.** Section 5.07 of the Controlled Substances Act consists of five subsections, (a) through (e). Subsection (a) is found at Act of June 3, 1985, ch. 227, § 13, 1985 Tex.Gen.Laws 1102, 1124, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. Subsec-

tions (b), (c), (d), and (e) are found at Act of June 17, 1983, ch. 425, § 22, 1983 Tex.Gen.Laws 2361, 2404, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. "Section 5.07" will refer to these statutes collectively unless otherwise indicated. References to the individual subsections of section 5.07 are to these provisions unless otherwise indicated.

(Tex.App.—Fort Worth), *rev'd on other grounds,* 715 S.W.2d 641 (Tex.1986).

In the instant case, the two entities claiming the forfeited property are Brooks County and the Brooks County Sheriff's Department. Obviously, neither Brooks County nor the sheriff's department qualifies, for purposes of section 5.07(d), as "the State" or "an agency of the State." Therefore, the only classification potentially applicable under section 5.07(d) is "a political subdivision of the State authorized by law to employ peace officers."

The sheriff's department, however, *is not* a political subdivision under section 5.07(d). In *Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees,* 308 S.W.2d 904, 905 (Tex.Civ. App.—San Antonio 1957, writ ref'd), this court emphasized that the attributes of a political subdivision necessarily include geographical areas and boundaries, public elections, public officials, taxing power and a general public purpose or benefit. The Brooks County Sheriff's Department does not have some of these attributes, e.g., taxing powers.

On the other hand, Brooks County *is,* unquestionably, a political subdivision of the State authorized by law to employ peace officers. *See Childress County v. State,* 127 Tex. 343, 92 S.W.2d 1011, 1015 (1936) (county is a political subdivision of the State). Accordingly, under the clear, mandatory language of section 5.07(d)—the section of the act governing the trial court's power to forfeit seized property— Brooks County, and not the sheriff's department, is entitled to the forfeited property in question.

Appellants' reliance on section 5.08(f) and Op.Tex.Att'y Gen. No. JM–678 (1987) for the proposition that section 5.08(f) designates entities *to which* property is to be forfeited is misplaced for the following reasons. First, appellants' argument ignores both the mandatory language of · section 5.07(d) as well as the fact that the sheriff's department is not a political subdivision of the State nor is it expressly identified as one of the entities designated in section 5.07(d).

Second, section 5.08(f) does not address the trial court's determination as to which entity the seized property is to be forfeited, but instead deals with the administration of money and other property *that has already been forfeited.* When addressing the actual judicial act of forfeiting property to a particular entity, all of section 5.08 [4] relied upon by appellants, including section 5.08(f), is written in past tense,[5] which indicates to us the legislature's intent that section 5.08, generally, and section 5.08(f), in particular, governs only property *previously forfeited.*

Third, although section 5.08(f) discusses those entities entitled to administer the *special fund consisting of forfeited property,* that section does not support the position of the sheriff's department on appeal that because the sheriff's department, as a "seizing ... office of a political subdivision," is entitled to administer the section 5.08(f) special fund, such section mandates the trial court to forfeit seized property that is subject to forefeiture directly to the sheriff's department. The "seizing ... office of a political subdivision" that has "received funds" under section 5.08(f), receives such funds from the section 5.08(f)

**4.** Section 5.08 of the Controlled Substances Act consists of six subsections, (a) through (f). Subsection (a) is found at Act of June 17, 1987, ch. 525, § 2, 1987 Tex.Gen.Laws 2134, 2134, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. Subsections (b) and (f) are found at Act of June 3, 1985, ch. 227, § 14, 1985 Tex.Gen.Laws 1102, 1124, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. Subsections (c), (d), and (e) are found at Act of June 17, 1983, ch. 425, § 23, 1983 Tex.Gen.Laws 2361, 2407, *re-*

*pealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. "Section 5.08" will refer to these statutes collectively unless otherwise indicated. References to the individual subsections of section 5.08 are to these provisions unless otherwise indicated.

**5.** Sections 5.08(a), 5.08(b), 5.08(c), and 5.08(f) are either written in past tense or used contextually in past tense.

special fund, not by way of direct forfeiture.

Fourth, the trial court correctly determined in its conclusions of law 3, 4, 5 and 6 that the sheriff's office, because it cannot exist apart from the county, is not a political subdivision of the State; the sheriff's office is a subdivision of Brooks County; the legislature employed the phrase "political subdivision of the State" when describing entities such as counties and/or cities; and the legislature employed the phrase "law enforcement agency" when describing departments such as a sheriff's office and/or police department. The legislature did not use the term "law enforcement agency" anywhere in section 5.08(f). While law enforcement agencies are not listed in section 5.08(f), such agencies are expressly mentioned in section 5.08(a). By providing trial courts with the option of directly ordering a "law enforcement agency" to retain seized controlled substances and drug paraphernalia for official purposes, section 5.08(a) is the only place in all of section 5.08 which specifically vests a "law enforcement agency" with the right to forfeited property. In a similar vein, the rights of a *law enforcement agency* concerning forfeited property are expressly delineated in section 5.082(a), which provides:

> If money is seized *by a law enforcement agency* in connection with a violation of this Act, *the state or the political subdivision of the state that employs the law enforcement agency may deposit the money* in an interest-bearing bank account in the jurisdiction of the agency that made seizure or in the county in which the money was seized until a final judgment is rendered concerning the violation.

(Emphasis added.) Act of May 25, 1987, ch. 167, § 4.02, 1987 Tex.Gen.Laws 1338, 1356, *repealed by* Health and Safety Code, ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165. ("Section 5.082(a)" will refer to this statute unless otherwise indicated.) If the legislature intended for the seizing law enforcement agency to *retain* exclusive control over seized funds by way of forfeiture under section 5.08(f), it would be inconsistent with that intent for the legislature to give those funds to the county during the delay before the final forfeiture judgment or during the pendency of an appeal under section 5.082(a).

As the trial court correctly concluded, the legislature was selective in its use of the term "law enforcement agency" in the act. The legislature did not, however, use that term in section 5.07(d) when determining to whom to forfeit seized property. Since there is no express mention of, or implied reference to "law enforcement agency" in section 5.07(d), that is equivalent to an express exclusion. *See State v. Mauritz–Wells Co.*, 141 Tex. 634, 175 S.W.2d 238, 241 (1943). When the legislature has carefully employed a term, such as "law enforcement agency," in one section of an act and has excluded it in another, it should not be implied where excluded. *See Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex.1980).

Fifth, the Attorney General's opinion's reliance on a rejected proposed amendment to section 5.08(f) to support its conclusion that funds should be forfeited directly to a law enforcement agency is misplaced. The opinion quotes a proposal to amend section 5.08(f), submitted to the 67th Legislature by a committee on drug abuse, which would have specifically provided for "proceeds of a forfeiture action to be returned to the control of the law enforcement agency responsible for the seizure." *See* Op. Tex.Att'y Gen. No. JM–678, 3120 (1987). The legislature, however, *did not enact* that proposal. By rejecting the proposed amendment, the legislature necessarily made a conscious decision to exclude the term "law enforcement agency" from section 5.08(f), as well as reject the concept of direct forfeitures to law enforcement agencies such as the sheriff's department. The Attorney General's reliance on a rejected amendment as indicative of an expression of the legislature's intent to forfeit funds to the law enforcement agency is directly

contrary to the settled rule that deletion of a provision in a pending bill discloses a legislative intent to reject the proposal. *See Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334, 338 (Tex.1979) (courts should be slow to put back that which the legislature has rejected).

For the reasons stated herein, we hold that the trial court did not err in forfeiting the seized property to Brooks County and that the property so forfeited belongs to Brooks County. The judgment under appeal orders that "any person ... in possession and/or control of said [property] ... deliver said [property] ... to the County Treasurer of Brooks County, Texas, to be deposited in an account established for that purpose and to be expended by the Commissioners Court of Brooks County, Texas, in accordance with the law."

 Statutorily, the county treasurer shall receive all money belonging to the county from whatever source it may be derived and, as chief custodian of county funds, shall keep such funds in a designated depository and account for all money belonging to the county. TEX.LOC.GOV'T CODE ANN. §§ 113.001, 113.003 (Vernon 1988). The county treasurer is therefore authorized to receive and deposit funds forfeited under the Texas Controlled Substances Act subject to the section 5.08(f) restriction that such special fund account shall be kept separate from other treasury funds and that not more than ten percent of the special fund can be deposited into the treasury of the subdivision for use by the governing body of the subdivision for the prevention of drug abuse and treatment of persons with drug-related problems.

Statutorily, the only purpose for which the special fund consisting of forfeited property may be expended is for "the investigation of any alleged violations of the criminal laws of this state" subject to those exceptions and restrictions expressly stated in section 5.08(f). While the section 5.08(f) special fund is to be administered by the sheriff's department, such administration is subject to supervision of the audit authority of the county auditor as provided for by TEX.LOC.GOV'T CODE ANN. ch. 115, subch. A (Vernon 1988) and the commissioners court budget process as provided for by TEX.LOC.GOV'T CODE ANN. §§ 111.003, 111.031 (Vernon 1988).

Appellants' third point of error is overruled.

The January 12, 1989, judgment is affirmed as reformed.