

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 8, 1992

Ms. Phyllis Massey
Dewitt County Auditor
307 N. Gonzales St.
Cuero, Texas 77954

Opinion No. DM-162

Re: Whether the provisions of article 59.06(c) of the Code of Criminal Procedure, directing that certain forfeited property be deposited in "special funds in the county treasury," require that such funds be deposited with the county treasurer for placement in the county depository (RQ-352)

Dear Ms. Massey:

Chapter 59 of the Code of Criminal Procedure provides for state seizure and forfeiture of property used in, or proceeds gained from, the commission of certain crimes. The prosecutor with felony jurisdiction in the county in which the forfeiture proceeding is held, referred to in chapter 59 as the "attorney representing the state," administers forfeited property and may by "local agreement" distribute such property to various law enforcement agencies or to his own office for use for official purposes. Code Crim. Proc. arts. 59.01, 59.06. Article 59.06(c) provides with respect to the disposition of certain forfeited property as follows, in pertinent part:

> If a local agreement exists between the attorney representing the state and law enforcement agencies, all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items, shall be deposited according to the terms of the agreement into one or more of the following funds:
>
> (1) *a special fund in the county treasury* for the benefit of the office of the attorney representing the state, to be used by the attorney solely for the official purposes of his office;

. . . .

   (3) *a special fund in the county treasury* if distributed to
a county law enforcement agency, to be used solely for law
enforcement purposes. [Emphases added.]

We understand you to ask whether the provisions of article 59.06(c), that forfeiture funds be deposited in a "special fund in the county treasury," subject such funds to the general requirements regarding the deposit of county funds in the county depository. While we cannot anticipate all issues that may arise with respect to the handling of these forfeiture funds, it is our opinion that the plain language of the above-quoted provisions of chapter 59 of the Code of Criminal Procedure, contemplates that the funds will be deposited in the county depository in accordance with the statutory provisions generally governing the handling of county funds. *See also e.g.*, Attorney General Opinion DM-72 (1991) (law enforcement agency to which funds are distributed has authority to determine purposes to which forfeiture funds are applied).

   Section 113.021 of the Local Government Code provides that the "funds and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money" and that the "county treasurer shall deposit the money in the county depository in a special fund to the credit of the officer who collected the money." *See* Letter Opinion No. 92-7 (1992). Even if the forfeiture funds in question here have the character of state funds[1] and not "money belonging to the county," as provided for in section 113.021, we believe that the plain language of article 59.06(c)(1) and (3), specific to the deposit of forfeiture funds, indicates that they are to be deposited in the manner in which "money belonging to the county" is deposited. *See generally State v. $50,600.00*, 800 S.W.2d 872 (Tex. App.– San Antonio 1990, writ denied) (county treasurer authorized to receive and deposit forfeiture funds under former forfeiture laws).

   Nor do we believe that a distinction in the manner of depositing the forfeiture funds in question may be made depending on whether the funds deposited in the "special fund in the county treasury" under article 59.06(c) are for the use of a

---

[1]Article 59.05(e) of the Code of Criminal Procedure provides that, when a court finds that property is subject to forfeiture, "the judge shall forfeit the property to the state." Article 59.06(a) provides that "[a]ll forfeited property shall be administered by the attorney representing the state, acting as agent of the state."

county or non-county agency. While the requirement that forfeiture funds "distributed to a county law enforcement agency" under subpart (3) of article 59.06(c), be deposited in "a special fund in the county treasury," might more obviously be taken to refer to the Local Government Code provisions for the handling of county funds, we believe that the use of the identical language in subpart (1) of article 59.06(c) providing for the deposit of funds "for the benefit of the office of the attorney representing the state," who will generally be a district or criminal district attorney, indicates that the article contemplates that deposits under subparts (1) and (3) will be effected in essentially the same manner.

We note too that other provisions of state law requiring the deposit of funds in the county depository are not limited in their reach to specifically "county funds" or county officers. Chapter 116 of the Local Government Code provides for the selection of a county depository and the taking of bonds or other security from the depository institution for the protection of the funds to be kept there. Section 116.002 of chapter 116 directs that "money collected or held by a district, county, or precinct officer in a county ... shall be deposited under this chapter ... [T]he money shall be considered in fixing, and is protected by, a county depository's bond." *See also* Local Gov't Code § 140.003 (requiring "specialized local entities," defined to include district and criminal district attorneys, to deposit "funds the entity receives" "in the county treasury"). *Compare* Code Crim. Proc. art. 103.004 (requiring various county and district officers who collect "obligations recovered in the name of the state" to deposit such money with the county treasurer for deposit in a special fund in the county treasury).

We also note that the legislature, in the chapter 59 forfeiture provisions, has made different provisions for the handling of funds which have been seized but for which no judgment concerning forfeiture has yet been rendered. *See* Code Crim. Proc. art. 59.08 (providing that such money may be deposited "in an interest-bearing bank account in the jurisdiction of the attorney representing the state"). If the legislature had intended that already forfeited funds under article 59.06 were to be handled in a manner different from that in which funds to be deposited in the county treasury are generally handled, we think it would have specifically provided for such rather than simply direct that they are to "deposited ... in a special fund in the county treasury." Also, in view of the such language, we would be chary of construing the provisions of article 59.06 so as to permit the deposit of forfeiture funds without the protection of the bonds or other security which Local Government Code chapter 116 directs the county to obtain from the depository institution for the safeguarding of funds placed in the county depository.

Accordingly, it is our opinion that the provisions of article 59.06(c) of the Code of Criminal Procedure providing for the deposit in "special fund[s] in the county treasury" of forfeiture funds distributed to the office of "the attorney representing the state" and "county law enforcement agencies," contemplate that those funds will be deposited with the county treasurer for placement in the county depository in the manner in which county funds are generally handled.

## S U M M A R Y

The provisions of article 59.06(c), of the Code of Criminal Procedure, providing for the deposit in "special funds in the county treasury" of forfeiture funds distributed to the office of "the attorney representing the state" and "county law enforcement agencies," contemplate that those funds will be deposited with the county treasurer for placement in the county depository in the manner in which county funds are generally handled.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General

RECEIVED
SEP 11 1992
RECORDS MANAGEMENT
SUPPORT SERVICES