# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 12, 2008

The Honorable Jeb McNew
Montague County Attorney
Montague County Courthouse
Post Office Box 336
Montague, Texas 76251-0336

Opinion No. GA-0636

Re: Whether county officials who collect funds for the county may establish individual bank accounts in their own names (RQ-0657-GA)

Dear Mr. McNew:

You ask several questions about county funds collected by county officials, in particular, whether county officials who collect funds for the county may place the funds in bank accounts in their own names and subject to their control.[1] For purposes of your request, you designate these funds "fee fund accounts." Request Letter, *supra* note 1, at 1.

You state that these funds are collected by the county sheriff, the county clerk, the district clerk, and two justices of the peace pursuant to Local Government Code chapter 133 and Code of Criminal Procedure chapter 102,[2] as well as other statutes. *See id.* Before September 26, 2007, all officers who collected funds deposited them periodically into a General Fee Fund Account in the county treasury. *See id.* In September, the Montague County Auditor asked the commissioners court to change the existing procedure by dividing up the fee fund account, creating a separate account for each elected official who collects money, and giving each official "total responsibility" for his own officer fee fund. *See id.* (Exhibit B to Request Letter, Montague County Commissioners Court Meeting Minutes (Sept. 20, 2007)). The commissioners court did not adopt this proposal. *See id.* at 2. However, the county auditor informed the bank that "we intend to split up the existing Fee Fund Account and give the authority on individual accounts back to the elected official."[3] *Id.*

---

[1]Letter from Honorable Jeb McNew, Montague County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Dec. 17, 2007) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral. gov) [hereinafter Request Letter].

[2]Code of Criminal Procedure chapter 102 addresses various costs and fees paid by defendants in criminal cases. *See* TEX. CODE CRIM. PROC. ANN. ch. 102 (Vernon 2006 & Supp. 2007).

[3]Memo from Jennifer Essary, Montague County Auditor, to Debbie Mitchell, Legend Bank (Sept. 26, 2007) (Exhibit E to Request Letter) [hereinafter Exhibit E]. It appears that Ms. Essary is no longer the Montague County Auditor. *See* www.co.montague.tx.us/ips/cms/countyoffices/countyAuditor.html (Montague County Auditor's internet site) (last visited May 30, 2008).

In connection with these facts, you first ask the following question:

1.    Are public officials who collect fee funds (as distinguished from such things as restitution accounts, trust accounts, etc.) authorized to create individual bank accounts in the county's depository bank such that they would control the account, have their name on the signature card and sign checks on that account?

*Id.* at 2–3.

To answer this question, we review the statutes concerning the deposit of county funds in the county treasury. The county treasurer is the chief custodian of county funds and "shall keep in a designated depository and shall account for all money belonging to the county." TEX. LOC. GOV'T CODE ANN. § 113.001 (Vernon 2008); *see also State v. $50,600.00*, 800 S.W.2d 872, 881 (Tex. App.—San Antonio 1990, writ denied) (county treasurer is authorized to receive and deposit in the county treasury funds forfeited under the Controlled Substances Act). "Immediately after the commissioners court designates a county depository, the county treasurer shall transfer to the depository all of the county's funds." TEX. LOC. GOV'T CODE ANN. § 116.113(a) (Vernon 2008); *see id.* § 116.021(a) (commissioners court shall select one or more banks for deposit of county's public funds). Thus, funds in the county treasury are held in the depository bank.

"The county treasurer shall receive all money belonging to the county from whatever source it may be derived." *Id.* § 113.003. Pursuant to Local Government Code section 113.021(a), "[t]he fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money." *Id.* § 113.021(a),[4] *see id.* § 113.022(b) (treasurer shall deposit county funds received by county officers in county depository). "The officer must deposit the money in accordance with any applicable procedures prescribed by or under Section 112.001 or 112.002." *Id.* § 113.021(a); *see generally id.* §§ 112.001 (county auditor in county of fewer than 190,000, may "adopt and enforce regulations, not inconsistent with law," for "collecting, checking, and accounting of the revenues and other funds and fees that belong to the county"), 112.002 (county auditor in county of 190,000 or more).

These Local Government Code provisions require the deposit of county funds with the county treasurer. There are certain statutory exceptions to these provisions, such as the Code of Criminal Procedure article 102.007 provisions on fees for collecting and processing "hot checks." *See* TEX. CODE CRIM. PROC. ANN. art. 102.007 (Vernon Supp. 2007); Tex. Att'y Gen. Op. No. GA-0475 (2006) at 1. A county attorney, district attorney, or criminal district attorney may receive a fee for collecting and processing a check or similar sight order that has been issued or passed in a manner that violates certain Penal Code provisions. *See* TEX. CODE CRIM. PROC. ANN. art. 102.007(a)

---

[4]Local Government Code section 113.021 requires the county tax assessor-collector to deposit the money he collects according to the procedures prescribed in the Tax Code and other laws. See TEX. LOC. GOV'T CODE ANN. § 113.021(a) (Vernon 2008).

(Vernon Supp. 2007). Such fees "shall be deposited in the county treasury in a special fund to be administered by the county attorney." *Id.* art. 102.007(f); *see* Tex. Att'y Gen. Op. No. DM-396 (1996) at 4 (restitution for dishonored checks collected by justice of the peace is not county money). But absent a statute expressly providing a different disposition of county funds, the funds are to be deposited with the treasurer.

The county treasurer "shall divide the funds received by the treasurer's office into three classes," and "shall appropriate the money in each class of funds to the payment of the claims registered in the corresponding class." TEX. LOC. GOV'T CODE ANN. § 113.004(a) (Vernon 2008). The three classes consist of (1) "jury fees, money received from the sale of estrays, and occupation taxes," (2) "money received under the provisions of a road and bridge law," and (3) other money received by the treasurer's office not otherwise appropriated by Local Government Code section 113.004 or by the commissioners court. *Id.* § 113.004(b). The commissioners court "may require other accounts to be kept, creating other classes of funds." *Id.* § 113.004(c). Any fees, commissions, or other compensation collected by an officer who is paid on a salary basis are deposited by the treasurer in the applicable salary fund created by Local Government Code chapter 154, which governs the compensation of district, county, and precinct officers paid on a salary basis. *See id.* § 113.021(b); *see also* TEX. CONST. art. XVI, § 61 (compensation of county officers on a salary basis);[5] TEX. LOC. GOV'T CODE ANN. §§ 154.007(a) (Vernon 2008) (commissioners court may order the deposit in the general fund of all money that otherwise would be deposited in a salary fund), 154.023 (officers' salary fund). Thus, absent a statute expressly providing otherwise, a county officer must deposit the fees he collects for the county with the treasurer and the officer may not have custody or control of the funds.

In addition, Local Government Code chapter 133 establishes procedures for collecting, recording, accounting for, and remitting to the comptroller fees collected in criminal and civil matters. *See id.* §§ 133.001, .051. It provides that "[a]n officer collecting a fee in a justice, county, or district court shall deposit the money in the county treasury" and that a "county clerk collecting a fee shall deposit the money in the . . . county treasury." *Id.* § 133.052(b)–(c). The treasurer remits the fees to the comptroller pursuant to section 133.055. *See id.* § 133.055. *See also* TEX. CODE CRIM. PROC. ANN. art. 103.004(a) (Vernon 2006) (officer who collects fines, forfeitures, judgments, jury fees, costs, and similar obligations shall deposit the money in the county treasury).

Thus, county officials who collect funds for the county are required to deposit those funds in the county treasury or with the county treasurer. *See* TEX. LOC. GOV'T CODE ANN. §§ 113.021, 133.052 (Vernon 2008); *see also* Tex. Att'y Gen. Op. No. DM-396 (1996) at 8 (justice of the peace

---

[5]Texas Constitution article XVI, section 61 provides that all county officers in counties with a population of twenty thousand or over shall be compensated on a salary basis. *See* TEX. CONST. art. XVI, § 61(a). In counties with a population of less than twenty thousand, the commissioners court may determine whether county officers shall be compensated on a fee basis or on a salary basis. *See id.* § 61(c). The treasurer deposits the fees, commissions, funds, and other county money collected by a county officer compensated on a fee basis in the county depository in a special fund to the officer's credit. *See* TEX. LOC. GOV'T CODE ANN. § 113.021(b) (Vernon 2008). Interest accruing on money in the special fund "is for the benefit of the county." *Id.* § 113.021(c).

must deposit the fines he collected in the county treasury). The county treasurer disburses and applies money belonging to the county "as required by law and as the commissioners court may require or direct, not inconsistent with law." TEX. LOC. GOV'T CODE ANN. § 113.041(a) (Vernon 2008). We find no statute authorizing a county sheriff, county clerk, district clerk, or justice of the peace to establish in the county's depository bank an individual bank account for the county funds the officer collects, having his name on the signature card and signing checks on that account. These county officers may not place the county revenues they collect in individual bank accounts in the county's depository that would enable the officer to control and withdraw funds. We answer your first question in the negative.

Your second question is as follows:

> 2. Given the county auditor's authority to adopt and enforce regulations she considers necessary for the speedy and proper collecting, checking and accounting of the revenues and other funds and fees that belong to the county (as per Local Government Code § 112.001), does such authority include the ability to create or establish bank accounts with the depository bank on behalf of public officials for fee funds at her instance or as directed by a county official?

Request Letter, *supra* note 1, at 3.

Section 112.001 of the Local Government Code, applicable in a county with a population of fewer than 190,000, such as Montague County,[6] authorizes the county auditor to "adopt and enforce regulations, not inconsistent with law or with a rule adopted under Section 112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county." TEX. LOC. GOV'T CODE ANN. § 112.001 (Vernon 2008); *see also id.* §§ 112.002 (auditor's authority in a county of 190,000 or more), 112.003(a) (comptroller of public accounts shall prescribe the forms to be used by county officials to collect and disburse county funds and the manner of keeping and stating the officials' accounts). As we noted in answer to your first question, Local Government Code section 113.021 requires the officer who collects money belonging to a county to deposit it with the county treasurer and the treasurer to deposit this money "in the county depository in a special fund to the credit of the officer who collected the money." *Id.* § 113.021(a)–(b). The auditor may adopt regulations "for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county," but the regulations may not be "inconsistent with law." *Id.* § 112.001. Accordingly, when county officers collect county funds required by law to be placed in the county treasury, the county auditor may not make regulations authorizing county officers to establish individual bank

---

[6]Montague County had a population of 19,117 at the last decennial census. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://quickfacts.census.gov/qfd/states/48/48337.html (last visited June 9, 2008)

accounts in the county's depository with those funds or enabling the individual officer to control and disburse those funds.

You also ask:

> 3. If, as opined in DM-396, there is no authority for the public officials who handle fee funds to set up individual accounts in their own name and such accounts are set up, who has the authority to close such accounts and deposit those accounts into the treasury—the commissioner's court, the auditor, or the official whose name is on the account?

Request Letter, *supra* note 1, at 3.

If such accounts have been established, the agreement with the bank should state who is authorized to close the account.[7] Thus, the answer to this question requires an inquiry into fact questions and accordingly cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0391 (2006) at 12 (questions of fact cannot be resolved in the opinion process). In all likelihood, however, the person authorized to close the account would be the county officer who opened the account. *See generally* TEX. FIN. CODE ANN. § 34.301(a) (Vernon Supp. 2007) ("A deposit contract between a bank and an account holder is considered a contract in writing for all purposes and may be evidenced by one or more agreements, deposit tickets, signature cards, . . . or by other documentation as provided by law.").

A county officer's failure to close an unauthorized account and remit county funds to the treasurer may violate the terms of his official bond. *See generally Md. Cas. Co. v. State*, 107 S.W.2d 865, 869 (Tex. 1937). A county clerk must execute a surety bond "conditioned that the clerk will faithfully perform the duties of office," and "in an amount at least equal to 20 percent of the maximum amount of fees collected in any year during the term of office preceding the term for which the bond is to be given," subject to a maximum and a minimum amount. TEX. LOC. GOV'T CODE ANN. § 82.001(a), (c) (Vernon 2008). *See also* TEX. GOV'T CODE ANN. § 51.302 (Vernon 2005) (similar bond required of district clerk). A sheriff is also required to execute a surety bond, conditioned that the sheriff will faithfully perform the duties of his office, "account for and pay to the person authorized by law to receive them the fines, forfeitures, and penalties the sheriff collects for the use of the state or a county," and perform certain other duties. TEX. LOC. GOV'T CODE ANN. § 85.001(a)–(b) (Vernon 2008). A fine imposed or a judgment rendered by a justice of the peace "shall be charged against that justice," but the justice may discharge the indebtedness by "filing with the county clerk the county treasurer's receipt for the amount of the indebtedness." *Id.*

---

[7]The county auditor wrote that a particular justice of the peace "has decided to have as signers on the accounts, only himself." Exhibit E to Request Letter, *supra* note 1. A brief submitted in connection with this opinion request states that "[t]he individual county officers and whomsoever the officer designated were to be signatories on the accounts." Brief from James P. Allison, General Counsel, County Judges and Commissioners Association of Texas, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Jan. 17, 2008) (on file with the Opinion Committee).

§ 112.052(a)–(b)(1); *see also id.* § 112.051(a) (similar provision for each judgment, file, forfeiture, or penalty that the sheriff is charged by law to collect). County officers are also subject to removal for official misconduct. *See id.* ch. 87. There may also be consequences under the Penal Code, which provides that "[a] public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly . . . violates a law relating to the public servant's office or employment." TEX. PENAL CODE ANN. § 39.02(a)(1) (Vernon 2003).

You finally ask the following two-part question:

> 4. If, consistent with Local Government Code [chapter] 133, fee funds are deposited in the county treasury by the collecting official:
>
> a. must those funds be deposited by the collecting official directly into the county treasury account or should those funds be tendered to the county treasurer for deposit?; and
>
> b. if checks are written on accounts set up for these funds, are they to be signed by the treasurer and the county auditor?

Request Letter, *supra* note 1, at 3.

With respect to question 4a, you state that it would be convenient for Montague County officials who collect fee funds to deposit them directly into the county's treasury account. *See id.* at 6. The county treasurer's office is located at the county seat, while the two justices of the peace offices are located in other towns in which branches of the county depository are also located. *See id.*

Chapter 133 of the Local Government Code, about which you specifically inquire, establishes procedures for collecting, recording, accounting for, and remitting to the comptroller fees collected in criminal and civil matters. *See* TEX. LOC. GOV'T CODE ANN. §§ 133.001, .051 (Vernon 2008). Section 133.052 provides that "[a]n officer collecting a fee in a justice, county, or district court shall deposit the money in the county treasury" and that a "county clerk collecting a fee shall deposit the money in the . . . county treasury." *Id.* § 133.052(b)–(c). Thus, the statute requires these officers to deposit the fees in the county treasury, not that they tender the funds to the county treasurer. *See generally id.* § 133.002(3) ("'Treasurer' means the custodian of money in a municipal or county treasury, as appropriate.").

Thus, a county officer who collects fee funds under chapter 133 may deposit them directly into the county treasury account in the county depository. Other fees must be deposited as required by section 113.021(a) or by other applicable law. *See generally* Tex. Att'y Gen. LO-98-004 (authority of county officer to have county funds wired from local bank to treasurer's account in the county depository).

You ask, as question 4b, whether checks written on accounts set up for fee funds collected by a county official and deposited in the county treasury are to be signed by the treasurer and the county auditor. *See* Request Letter, *supra* note 1, at 3. Local Government Code section 113.042 requires the county treasurer's endorsement of "a warrant, check, voucher, or order" drawn by a proper authority on an account in the county depository. TEX. LOC. GOV'T CODE ANN. § 113.042(a) (Vernon 2008) Section 113.043 provides as follows:

> In a county with a county auditor, the county treasurer and the county depository may not pay a check or warrant unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure. This section does not apply to a check or warrant for jury service.

*Id.* § 113.043. Except for a check or warrant for jury service, or where a different procedure is required by statute, checks and warrants written on accounts in the county depository may not be paid unless they are signed by the county treasurer and countersigned by the county auditor.

## S U M M A R Y

County officers who collect fees for the county must deposit the funds with the county treasurer or in the county treasury as required by Local Government Code chapter 113 or 133, absent a specific statute providing for a different disposition. A county sheriff, county clerk, district clerk, or justice of the peace may not deposit the county funds the officer collects in an individual bank account in the county's depository that enables the officer to control and withdraw funds.

The county auditor may "adopt and enforce regulations, not inconsistent with law" for collecting, checking, and accounting for the revenues and other funds and fees that belong to the county. Where county officers who collect county funds are required by statute to deposit them with the county treasurer or in the county treasury, the county auditor may not by regulation authorize a county officer to place those funds in an individual bank account in the county's depository under the officer's own name or enable the individual officer to control and disburse those funds.

If such bank accounts have been opened, the agreement with the bank should state who would be authorized to close the account. In all likelihood, this person would be the county officer who opened the account.

An official who collects fees under Local Government Code chapter 133 must deposit them in the county treasury. Checks written on accounts set up for fee funds collected by a county official and deposited in the county treasury are to be signed by the treasurer and the county auditor.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee