**Opinion filed December 22, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00336-CV

_____

## IN THE MATTER OF THE ESTATE OF ERIC TODD ROGOFF, DECEASED

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. 21406-13**

### M E M O R A N D U M   O P I N I O N

Because Inna Rogoff-Klein was dissatisfied with the probate court's[1] order on certain claims against the Estate of Eric Todd Rogoff, deceased, she brought this appeal. We affirm.

Eric Todd Rogoff died intestate on February 26, 2013. The probate court entered an order on June 18, 2013, in which the court appointed Eric's surviving spouse, Maribel Rogoff, as administratrix of the Estate. About four months later, on October 7, 2013, Inna Rogoff-Klein, who is Eric's former spouse and the mother of

_____

[1]We note that the Ector County Court at Law No. 2 sat as a probate court in this matter.

I.R., Eric's only child, filed an appearance in the case as I.R.'s next of friend. She also objected to Maribel's appointment as administratrix. Although the probate court appointed Maribel as administratrix on June 18, 2013, Mirabel did not qualify as administratrix until June 26, 2014, after Maribel's second lawyer discovered and began to correct deficiencies that existed when he began to represent Maribel in the proceedings.

After Maribel officially qualified as administratrix, she approved seven separate "Authenticated Unsecured Claims" related to the estate. She sent six of the orders to Inna's attorney on July 22, 2014, and the seventh on July 23, 2014. On August 21, 2014, the probate court entered seven separate orders on the claims. Inna did nothing to object to the claims in the probate court before the probate court signed the orders.

In none of the seven orders did the probate court include specific language as to whether the claims were allowed, denied, or allowed in part and denied in part. Further, the claims were not classified. On September 9, 2014, by letter to the probate court, Maribel's attorney asked the court to correct the orders and to include the appropriate language. *See* TEX. EST. CODE ANN. § 355.055 (West 2014). The clerk file-marked the request on September 11, 2014.

The next day, Inna complained about the claims for the first time when she sent her original "Motion to Reconsider Order for Payment and Objections to Claims" to the probate court. The clerk of the probate court filed the motion on September 15, 2014. Inna mailed a supplemental motion to the clerk on September 23, 2014; the clerk filed it on September 29, 2014. Maribel responded, and on November 6, 2014, the probate court denied the motion to reconsider. The probate court also declined to consider Inna's supplement to the motion because it was untimely. Further, the probate court entered seven separate orders that corrected the orders it had originally entered.

2

We think it best to set forth Inna's issues and arguments as she has presented them in the argument portion of her brief. Inna contends in her first issue on appeal only that the probate court abused its discretion when it refused to consider her supplemental motion on the grounds that Inna filed it untimely. She takes the position that the latter motion was a supplement and therefore related back to the time that she filed the original motion to reconsider.

Even if Inna's "relation back" theory is correct, she did not timely file the original motion. Section 355.054(a) of the Estates Code provides that any objection to a claim must be filed before the court acts on the claim. EST. § 355.054(a). Although there were some irregularities in the orders that the probate court originally signed, the probate court "acted on" the claims on August 21, 2014. In their briefs filed in this court and the documents they filed in the probate court, the parties demonstrated—and the probate court agreed—that the probate court had approved the claims on August 21, 2014. As evidence of that mutual understanding, we note that Inna would not have filed a motion to reconsider unless the probate court had already acted on the claims. Also, neither would Maribel have any need to correct the orders to add procedurally required language unless the probate court had already acted upon the claims. Further, at the hearing on November 6, 2014, the probate court stated:

> One, we are here today because the Court does acknowledge that the orders for the claims that the Court signed were deficient. I have already granted those claims. And I have acknowledged those claims are valid claims. I granted the order. It just didn't have the proper wording in it for that.
>
> So as far as arguing whether or not the claims are valid, that's a moot point because the Court has already said and my intent was in signing those orders were to say those were valid claims. Your time to object expired before I signed those orders. So we're here basically just so we can get those orders fixed.

Additionally, the probate court explained in its findings that the September 9 letter was equivalent to a motion in which Maribel asked the probate court to correct and modify its judgment. Clearly, it was the intent of the probate court to approve the seven claims on August 21, 2014. Accordingly, we hold that the probate court "acted on" the claims on August 21, 2014. Inna did not timely file the original motion. Because the original motion to reconsider was untimely, it avails Inna nothing to relate the supplement back to it. Inna maintains that Maribel agreed that the original motion was timely. Inna misunderstands Maribel's position. Maribel acknowledges only that the motion was timely for the purpose of extending the probate court's plenary power—she acknowledges nothing more. Because Inna did not timely contest the claims that Maribel filed, we overrule Inna's first issue on appeal.

In Part A of her second issue on appeal, Inna maintains that the attorney's fee claim is excessive. Because Inna did not timely object to the claim, we overrule Issue No. 2(A).

In Part B of her second issue, Inna takes the position that Maribel did not present her claims as administratrix within six months of her qualification. Finally, in Part C of Issue Two, Inna claims that the probate court erred when it allowed Maribel to present the seven corrected orders to the probate court because the probate court had set only the motion to reconsider, and any supplements, for hearing.

We will first discuss Part B of Inna's second issue. Although many things happened in this case before June 26, 2014, the fact remains that Maribel did not qualify as the administratrix of the Estate until June 26, 2014, the date on which she executed the "Oath of Administratrix." *See* EST. § 305.002. Maribel had six months after that date to file her claims. *See* EST. § 355.201(b). Maribel timely filed the claims. We overrule Issue No. 2(B).

As to Part C of Issue Two, as we have said, Inna complains that the probate court had set for hearing only her motions for reconsideration and, therefore, erred when it considered Maribel's request to correct the orders. As Maribel points out, however, Inna's request to reconsider and Maribel's request to correct the orders were effective, under Rule 329b of the Texas Rules of Civil Procedure, to extend the plenary power of the probate court to include November 6, 2014, the date of the hearing and the date that the probate court signed the corrected orders. *See* TEX. R. CIV. P. 329b. First, because the probate court signed the corrected orders at a time when it had plenary power, it could have corrected them on its own motion. *See id.*; *State v. $50,600*, 800 S.W.2d 872, 876 (Tex. App.—San Antonio 1990, writ denied). Additionally, the option of whether to correct the orders was necessarily subsumed within Inna's motion to reconsider. We overrule Issue No. 2(C).

We affirm the November 6, 2014 order of the probate court.


JIM R. WRIGHT

CHIEF JUSTICE


December 22, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.